TITUS *v.* HAYNES *et al.*

*(City Court of Brooklyn, General Term.*  May 3, 1890.)

MORTGAGES—ASSIGNMENT—RIGHTS OF ASSIGNEE.
   Where a mortgage has been duly assigned, any subsequent agreement between the mortgagor and mortgagee cannot affect the rights of the assignee.

Appeal from special term.

Action to foreclose a mortgage, brought by William P. Titus against John E. Haynes and Ann, his wife, impleaded with Lucy K. Merwin. There was judgment for plaintiff. Defendants appeal.

Argued before CLEMENT, C. J., and OSBORNE, J.

*S. A. Underhill,* for appellants.  *Moore & Moore,* for respondent.

OSBORNE, J.  On May 22, 1886, defendants Haynes and wife executed and delivered to the defendant Merwin their bond and mortgage on the premises No. 108 Second place, Brooklyn, to secure the payment of $2,000 in three years, with interest at 5 per cent., payable on the 1st days of January and July. The bond contained the usual 30-day interest clause. This action was brought by plaintiff, as assignee of said bond and mortgage, to foreclose the same by reason of the default in the payment of the interest which became due July 1, 1888; plaintiff having elected that the whole principal sum should become due under the 30-day interest clause. The plaintiff claimed that said bond and mortgage were duly assigned to him by assignment dated May 22, 1888, and recorded May 28, 1888. Defendant Haynes and wife set up as a defense that the assignment of the bond and mortgage was not *bona fide,* and that they had an agreement with the defendant Merwin, who was a tenant under Haynes of a portion of the premises, that she was to apply her rent to the payment of the interest to become due on her mortgage, and also the interest on a prior mortgage, and the taxes and water-rates that were in arrears. They claim that this agreement was verbally made in April, and was reduced to writing, and a quitclaim deed of the premises was made to the defendant Merwin on May 24, 1888, two days after the assignment of the bond and mortgage by Merwin to plaintiff as collateral security for the payments to be made by her.

Whatever may be the contentions between the defendant Haynes and the defendant Merwin as to what the agreement or arrangement between them was, it is a sufficient answer thereto, for the purposes of this appeal, that the learned trial judge has found that said Merwin duly assigned said bond and mortgage to the plaintiff, as alleged, on May 22, 1888. We have no hesitation in saying, after a careful examination of all the evidence, that said finding was fully sustained by the evidence. This being the case, the appeal on the merits is substantially disposed of in favor of the respondent.

The exceptions taken at folios 89 and 91 are untenable. The agreement itself—Exhibit B—stated precisely what the quitclaim deed was given for; and that could not be varied by parol evidence. Defendant Haynes had already testified fully as to the events preceding the delivery of Exhibit B and the quitclaim deed; and those papers were in evidence, coupled with his testimony, as constituting his alleged defense. We are at a loss to discover how the exclusion of the question objected to excluded his alleged defense, as claimed by the learned counsel for appellants.

None of the other exceptions to the findings and conclusions of the court below possess any merit, or seem to call for any discussion. The judgment must be affirmed, with costs.